**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA GUTIERREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>KENNETH COLE PRODUCTIONS, INC.,<br><br>    Defendant.<br>_____/ | No. C 15-00129 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

In this employment discrimination action, both sides move for summary judgment. For the reasons stated below and to the extent stated below, plaintiff's motion is **DENIED**, and defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Defendant Kenneth Cole Productions, Inc., an apparel fashion and design company, operated retail stores for shoes and apparel throughout the country, including one store in San Francisco. In 2013, the retail segment of Kenneth Cole's business performed below expectations, losing several million dollars (Seelig Decl., Exhs. A–B; Seelig Dep. at 29–31; Catropa Dep. at 159). The San Francisco store suffered particularly sharp losses in 2013 as well as the preceding four years (Massoni Dep. at 37; Seelig Decl., ¶ 7, Exh. D). One factor that Kenneth Cole identified as contributing to the poor performance of the San Francisco store from 2009–13 was that it lacked a dedicated store manager (Massoni Dep. at 35–38). Nevertheless, Kenneth Cole forecasted significant overall financial growth in 2014 (Phillips Decl., Exh. 25).

In August 2013, Kenneth Cole hired plaintiff Cynthia Gutierrez as the store manager in San Francisco. Kenneth Cole did not hire any other store managers for the San Francisco store, although it had an assistant store manager. The San Francisco store was the only full-priced retail store in northern California although Kenneth Cole operated four outlet stores between thirty and one hundred miles away.[1]

On November 25, 2013, Gutierrez was diagnosed with breast cancer. Her physician referred her to an oncologist and a reproductive specialist to preserve her last fertile eggs before undergoing chemotherapy. Gutierrez called her direct supervisor, district manager Sally Terpenning, to inform her of her diagnosis. Gutierrez told Terpenning that she needed to take several days away from work to meet with her oncologist and her fertility specialist (Gutierrez Decl. ¶¶ 3–5; Eigelberger Dep. at 21–23).

Sometime between December 9–13, Gutierrez spoke by telephone with human resources director Megan Doyle and vice president of benefits Christina Kincel. Gutierrez informed them that she needed to undergo cancer treatment. They told Gutierrez that she would not be covered by the Family Medical Leave Act or the California Family Rights Act (because she had not worked for Kenneth Cole for twelve months) and that Kenneth Cole retained discretion to terminate her employment following a request of even two days of leave (Gutierrez Decl. ¶¶ 7–8; Gutierrez Dep. at 148–49).

On December 13, Kincel emailed Gutierrez to inform her that Kenneth Cole would consider a request for unpaid leave supported by a doctor's note (Kincel Dep., Exh. 27):

> As we [Doyle, Gutierrez, and Kincel] all discussed today, you told us that your surgery is scheduled for 1/3/2014 and that your last day of work will be 12/31/2013. As you are aware, you are not eligible for a leave. In order for us to assess an accommodation for your absence from work we require a note or letter from your physician stating the last day you are able to work and your estimated return to work date. The note/letter must be provided no later than December 31, 2013.

The email also provided information about short-term disability benefits available to Gutierrez.

---

[1] Kenneth Cole's request for judicial notice of the distances between its San Francisco store and its other stores in northern California is **GRANTED**.

2

Although she does not specify when, Gutierrez avers she told Terpenning she might be able to work throughout her treatment (Gutierrez Decl. ¶ 9). Gutierrez testified that Terpenning told Gutierrez to obtain a doctor's note that covered the entire length of her treatment and that the duration of any leave could be revisited with the length of treatment to serve as a starting point (Gutierrez Dep. at 167–68). Terpenning testified that she asked for a note that supported the length of leave Gutierrez intended to *request* so that Terpenning could begin the process of evaluating the proper accommodation (Terpenning Dep. at 206–08).

In total, Terpenning, Doyle, and Kincel informed Gutierrez that her job was not protected by FMLA or CFRA no fewer than six times. Throughout December, Terpenning began directing communication to the assistant store manager instead of Gutierrez. Additionally, when Gutierrez expressed concerns that the cold temperature in the store might be problematic because cancer suppressed her immune system, Terpenning told Gutierrez she could wear layers or use a space heater (Gutierrez Dep. at 127–32).

Terpenning contacted the district manager of the outlet stores in northern California (all at least thirty miles away) to ask whether they could spare any store managers during Gutierrez's leave, although Terpenning did not yet know the duration of the leave Gutierrez would request. She learned the outlet stores already lacked sufficient coverage and couldn't spare any managers for a substantial period of time (Terpenning Dep. at 167–70).

On December 19 and 24, Gutierrez provided two doctor's notes from her fertility specialist stating that she would need to be absent from work on December 24, 26, and 27 to undergo surgery to retrieve her last fertile eggs before her cancer treatment began. On December 26, Gutierrez sent an email to Terpenning, Doyle, and Kincel, which included a doctor's note from her oncologist, Dr. Tiffany Svahn, stating that Gutierrez would need a nine-month leave of absence for her cancer treatment with leave to begin on December 29 (Kincel Decl., Exh. A). Gutierrez also submitted a request for unpaid leave in which Gutierrez wrote "9 months" by hand (*ibid.*). Gutierrez took leave beginning December 29, 2013, for lumpectomy surgery scheduled for January 3, 2014 (Gutierrez Decl. ¶¶ 12–13).

3

1    The vice president of human resources, Gayle Catropa, evaluated Gutierrez's request in
2 light of conversations with her supervisors and the financial outlook for Kenneth Cole's retail
3 division. Catropa directed efforts to find replacement managers either from surrounding outlet
4 stores or by promoting from within, but those efforts failed. Catropa concluded, based on
5 conversations with others involved in management, that the San Francisco store needed to have
6 a dedicated permanent store manager in order to survive the financial trouble it faced. Although
7 Catropa did not specifically calculate the expense that might result from accommodating
8 Gutierrez's request for nine months of unpaid leave, she determined that holding her job open
9 for nine months would impose an undue hardship that could jeopardize the San Francisco
10 store's viability (Catropa Dep. at 114–15, 144–45, 219–20).

11   On January 4, Terpenning filled out an official separation record regarding Gutierrez,
12 which indicated that she would be terminated because she would be undergoing an extensive
13 nine-month treatment and that her position was not protected under the FMLA. On January 8,
14 Doyle and Terpenning called Gutierrez to inform her that Kenneth Cole would be terminating
15 her employment. Gutierrez testified that she informed them that her surgery had gone well and
16 that she believed she would be able to return to work right away (Gutierrez Dep. at 170).
17 Terpenning and Doyle deny that Gutierrez made such a statement (Doyle Dep. at 176;
18 Terpenning Dep. at 64).

19   The same day that Terpenning and Doyle terminated her employment, Gutierrez
20 obtained a note from her surgeon, Dr. Monica Eigelberger, releasing her to return to work
21 effective immediately (Gutierrez Decl., Exh. 3). She never provided that note to Kenneth Cole.

22   Gutierrez commenced this action in Santa Clara Superior Court in November 2014. It
23 was removed here to federal district court in San Francisco in January 2015 on the basis of
24 diversity jurisdiction, where it was assigned to Judge Samuel Conti. Upon his retirement, the
25 case was reassigned to the undersigned judge in November 2015. Kenneth Cole now moves for
26 summary judgment on all claims, and Gutierrez now moves for partial summary judgment as to
27 her discrimination claims. While the instant motions were pending, the parties stipulated to
28 dismissal of Gutierrez's eighth through twelfth claims, which pertained to certain wage and

4

hour disputes. The remaining claims pertain to Kenneth Cole's response to Gutierrez's medical condition and her request for leave. This order follows full briefing, oral argument, and supplemental briefs regarding the interactive process of determining the proper accommodation.

**ANALYSIS**

Gutierrez claims that Kenneth Cole's decision to terminate her employment rather than to accommodate her request for leave during her cancer treatment constituted discrimination, retaliation, wrongful termination, and failure to accommodate in violation of the Fair Employment and Housing Act as well as other state and local laws. She also claims that her managers' conduct constituted harassment.

**1. DISCRIMINATION, RETALIATION, WRONGFUL TERMINATION, AND FAILURE TO ACCOMMODATE.**

The California Fair Employment and Housing Act prohibits discrimination by employers against employees who have a "physical disability, mental disability, [or] medical condition" in setting the "terms, conditions, or privileges of employment." Cal Gov. Code § 12940(a). An employer must engage in a "timely, good faith, interactive process with the employee . . . to determine reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a . . . known medical condition." Cal. Gov. Code § 12940(n).

California law recognizes that reasonable accommodations may include holding a job open while an employee seeks treatment for a medical condition, reassignment to a vacant position, restructuring a position, or modifying a work schedule. Cal. Gov. Code § 12926(p)(2); *Dark v. Curry County*, 451 F.3d 1078, 1089–90 (9th Cir. 2006); *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 263 (2000). An employer is not, however, required to provide an accommodation that would pose an undue hardship. Cal. Gov. Code § 12940(m)(1).

Gutierrez contends that Kenneth Cole failed to engage in an interactive process in good faith regarding her request for a leave of absence and that its subsequent decision to terminate her employment based on her request for an accommodation, rather than provide such an accommodation, violated various provisions of FEHA. Kenneth Cole responds that it did, in fact, engage in an interactive process, but the financial outlook of the San Francisco store and

5

the fact that no nearby managers could cover during that time made Gutierrez's request for nine months of leave unbearable. Thus, Kenneth Cole argues, its decision to terminate Gutierrez could not give rise to any liability.

Factual disputes regarding the scope of Gutierrez's request for accommodation, the availability of alternative accommodations, and the extent to which the requested accommodation would have been an undue hardship preclude a grant of summary judgment for either side, as now discussed.

### A.   Interactive Process.

The summary judgment record would support a jury finding that Kenneth Cole engaged in an interactive process and reasonably declined to keep the job open for nine months, given the needs of the store. The problem is that Gutierrez testified that she told Terpenning she would be able to work during her cancer treatment and restated that to Terpenning and Doyle after the decision to terminate her had already been made. Kenneth Cole's witnesses dispute that Gutierrez ever informed them of that option. In other words, we have a fact dispute over whether Gutierrez really was asking for a nine-month leave (as opposed to a shorter leave).

Gutierrez testified that Terpenning asked her to provide a letter from her oncologist requesting leave for the full length of her treatment (despite her position that she could work during her treatment). Gutierrez understood that once she get a doctor's note covering the full length of her treatment and her request for leave could be modified with that as the baseline. In other words, Gutierrez claims to have been flim-flammed — told to get a note for a long excuse period when she had verbally told Terpenning she would return sooner. Then the note for a longer leave period became the centerpiece of the dismissal.

Thus, there is a genuine dispute of fact as to whether Kenneth Cole in fact knew Gutierrez thought she could return to work immediately after her surgery and whether Kenneth Cole directed her to submit a letter indicating the full length of her treatment, despite knowledge to the contrary. Such circumstances would undermine Kenneth Cole's contention that it engaged in the interactive process in good faith. Kenneth Cole also disputes the

6

authenticity of the letter from Dr. Svahn.  These fact disputes bar summary judgment for both sides.

### B. Undue Hardship.

Kenneth Cole contends that it is entitled to summary judgment on Gutierrez's FEHA claims because her request for nine months of unpaid medical leave would have posed an undue hardship to the company, absolving it of liability for any claim premised on the denial of that accommodation.  *See* Cal. Gov. Code § 12926(u).  Kenneth Cole repeatedly acknowledges that a finding of undue hardship requires a case-by-case consideration of the totality of the circumstances.  Nevertheless, it contends that our case is ripe for summary judgment.

Kenneth Cole contends that Catropa's conclusion that the dire outlook of the company's retail business — especially sharp at the San Francisco store — suffices to show that Gutierrez's proposed accommodation would have constituted an undue hardship as a matter of law.  At oral argument, Kenneth Cole conceded that there is a triable issue regarding Gutierrez's contention that she only requested nine months of unpaid leave under pressure from Terpenning, but counsel insisted that the Court need only reach that issue if Kenneth Cole's undue hardship defense failed.

Counsel put the cart before the horse.  Kenneth Cole's undue hardship defense cannot be resolved as a matter of law *until* the factual dispute about the true scope of Gutierrez's request is resolved.  Again, counsel conceded that dispute presents a triable issue.  That alone is sufficient to preclude summary judgment on the issue of undue hardship, but one further factual dispute is worth discussing.

Although Catropa purportedly rejected the idea of borrowing a manager from another store to accommodate Gutierrez's request Kenneth Cole in fact transferred Heather Jordan, a floating store manager who had worked in Los Angeles, to fill Gutierrez's position, while leaving Jordan's position vacant.  Although Kenneth Cole reassigned Jordan permanently, this raises a dispute of fact as to whether Kenneth Cole could have reassigned Jordan temporarily (while leaving her position in Los Angeles vacant) in order to accommodate Gutierrez's request.  The possibility that Kenneth Cole could have offered some lesser accommodation

7

1  remains a further factual dispute that cannot be resolved at this stage. Moreover, the
2  availability of an alternative accommodation depends on the circumstances of Gutierrez's
3  request.

4  Additionally, Gutierrez contends that she is entitled to partial summary judgment that
5  her request would *not* pose an undue hardship to Kenneth Cole, because the undue hardship
6  argument is merely post hoc rationalization and played no part in the decision to terminate her
7  at the time. Contrary to Gutierrez, a jury could find, based Kenneth Cole's proffered evidence,
8  that both Catropa and Terpenning in fact evaluated whether they could temporarily fill
9  Gutierrez's role with a manager from another store or by promoting from within, and that they
10 properly concluded that the risk that the San Francisco store would close constituted undue
11 hardship.

12 Factual disputes about the circumstances of Gutierrez's request for unpaid leave and the
13 availability of alternative accommodations preclude summary judgment for either side.

14 The Court may see it differently on a Rule 50 motion after the evidence, but this order
15 **DENIES** summary judgment for either side on all claims relating to Gutierrez's termination.

16    **2.    HARASSMENT.**

17 Kenneth Cole moves for summary judgment on Gutierrez's harassment claim. To prove
18 a claim for harassment on the basis of a medical condition under FEHA, a plaintiff must show,
19 *inter alia*, "a concerted pattern of harassment of a repeated, routine or a generalized nature" that
20 was "so severe that it created a hostile work environment." *Lawler v. Montblanc N.A., LLC*,
21 704 F.3d 1235, 1244 (9th Cir. 2013) (citations omitted). Harassment involves actions "outside
22 the scope of job duties which are not of a type necessary to business and personnel
23 management." *Ibid*. (citations omitted).

24 Gutierrez contends that frequent reminders from management that she could not receive
25 leave under the FMLA or CFRA and that she needed approval for any medical leave,
26 Terpenning's decision to direct communications to the assistant store manager as Gutierrez
27 prepared for her leave, and Terpenning's statement that Gutierrez could manage the temperature
28 in the store by wearing layers or using a space heater, all contributed to a hostile work

8

environment. Those actions related to personnel management. Indeed, repeatedly explaining that Gutierrez could not seek leave under FMLA or CFRA was a helpful, factually-accurate statement.

This order holds that, as a matter of law, the conduct described in our summary judgment record simply cannot constitute harassment. Thus, Kenneth Cole's motion for summary judgment is **GRANTED** as to Gutierrez's harassment claim.

### 3. KENNETH COLE'S AFFIRMATIVE DEFENSES.

Kenneth Cole's answer to Gutierrez's complaint asserted thirty-eight affirmative defenses, although nine of them were mooted after the parties stipulated to dismiss Gutierrez's wage-and-hour claims. Gutierrez insists that several of Kenneth Cole's thirty-eight affirmative defenses are not legally cognizable, inasmuch as they are largely denials of liability, rather than affirmative defenses. Gutierrez also claims that another set of Kenneth Cole's affirmative defenses are unsupported by evidence. Kenneth Cole responds that many of its affirmative defenses depend on how the evidence plays out at trial, so it would be premature to dismiss those defenses at this stage.

At oral argument, the Court asked Kenneth Cole to evaluate its affirmative defenses and to narrow them to those defenses it actually might assert at trial. Kenneth Cole withdrew a total of twenty-three affirmative defenses (including those mooted by the dismissal of the wage-and-hour claims). Only its first, fourth, fifth, eighth, ninth, twelfth, fourteenth, sixteenth, eighteenth, nineteenth, twenty-first, twenty-third, thirty-fourth, thirty sixth and thirty-seventh, remain.

Sufficient factual disputes regarding Kenneth Cole's remaining affirmative defenses preclude summary judgment on those remaining affirmative defenses. Accordingly, Gutierrez's motion for partial summary judgment of Kenneth Cole's remaining affirmative defenses is **DENIED**.

The Court will determine whether a jury instruction on each defense is appropriate in light of the evidence as it plays out at trial.

9

### 4. GUTIERREZ'S MOTION TO DEEM FACTS ESTABLISHED.

Gutierrez seeks partial summary judgment to deem certain facts established. Specifically, she seeks to establish that Kenneth Cole was her employer, that Kenneth Cole knew of her breast cancer diagnosis, that her diagnosis was a substantial motivating reason for her termination, and that her request for an accommodation constituted protected activity. Perhaps for the sake of argument, Kenneth Cole does not dispute these facts for the purpose of summary judgment but rather contends that the fact-specific nature of the case warrants the presentation of evidence on these issues at trial.

The facts Gutierrez seeks to deem established are simple threshold issues that do not appear to be contested, but the jury will benefit from seeing live proof of these background facts. Thus, this order will *not* deem any facts established.

## CONCLUSION

For the reasons stated above and to the extent stated above, Gutierrez's motion is **DENIED**, and Kenneth Cole's motion is **GRANTED IN PART AND DENIED IN PART**.

Kenneth Cole raised several evidentiary objections throughout its briefs. The evidence objected to was not necessary to this order. Accordingly, Kenneth Cole's objections are **OVERRULED AS MOOT**.

**IT IS SO ORDERED.**

Dated: July 4, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE